UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:21-cv-08941-SB-AGR | Date: | April 7, 2022 |
|---|---|---|---|

| Title: | *Susan Spell VonSchlobohm v. Brian Evans et al.* |
|---|---|

| Present: The Honorable | STANLEY BLUMENFELD, JR., U.S. District Judge |
|---|---|

| Jennifer Graciano | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| N/A | N/A |

**Proceedings:**     **ORDER TO SHOW CAUSE RE DISMISSAL**

      Plaintiff Susan Spell VonSchlobohm filed this action against Brian Evans, her ex-husband, and Mark Juhas, a state court judge who is presiding over a custody dispute between them.[1] Plaintiff's complaint alleges a claim under 42 U.S.C. § 1983 and seeks a declaration that she has a right to obtain genetic paternity testing. Dkt. No. 1. Plaintiff also filed an amendment identifying DOE 1 as Virginia Pryor, in her official capacity as acting director of the Los Angeles County Department of Children and Family Services. Dkt. No. 11. Plaintiff voluntarily dismissed her claims against Judge Juhas on March 30, 2022. Dkt. No. 26. On April 6, Defendant Pryor moved to dismiss Plaintiff's claims, correctly observing that Plaintiff's complaint neither makes any allegations against Pryor (or

---

[1] Defendant Evans attaches to his answer documents showing that Plaintiff has been deemed a vexatious litigant by the Los Angeles Superior Court and that Judge John Walter dismissed a previous case she filed *pro se* in this Court seeking relief related to her divorce and custody proceedings. Dkt. No. 18 at 31–55. Plaintiff is represented in this action.

"DOE 1") nor seeks any relief against her. Dkt. No. 29. Pryor's motion represents that Plaintiff's counsel had advised Pryor's counsel that a dismissal of Pryor would be forthcoming, but no such dismissal has been filed. Additionally, the case is set for a mandatory scheduling conference on April 15, and Plaintiff failed to file the joint Rule 26(f) report that was due on April 5. Dkt. No. 19.

Plaintiff's approach to this litigation is concerning. Moreover, it is unclear whether this case is even properly in federal court. Plaintiff invokes federal question jurisdiction under 28 U.S.C. § 1331, but she has dismissed the only government actor who is alleged to have violated her rights and identifies no federal claim that can be alleged against Defendant Evans, a private citizen. Thus, it is unclear that any federal question is properly before the Court. Furthermore, Plaintiff seeks an order (1) requiring paternity testing that has been denied in state court and (2) allowing her to present certain evidence in the ongoing custody proceedings in state court. This action therefore appears to implicate "the abstention doctrine under which federal courts traditionally decline to exercise jurisdiction in domestic relations cases when the core issue involves the status of parent and child or husband and wife." *Coats v. Woods*, 819 F.2d 236, 237 (9th Cir. 1987) (affirming dismissal where "[t]his case, while raising constitutional issues, is at its core a child custody dispute" and observing that "[i]f the constitutional claims in the case have independent merit, the state courts are competent to hear them").

Plaintiff in her complaint conclusorily alleges that "[a] federal court is permitted to adjudicate constitutional claims while this case is ongoing, because *Younger* abstention does not apply to this category of litigation" and that "[f]ederal courts have jurisdiction to address constitutional issues in family law cases." Dkt. No. 1 ¶ 20 (citing *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69 (2013) and *Troxel v. Granville*, 530 U.S. 57 (2000)). But neither case on which Plaintiff relies has any obvious relevance. *Sprint* addressed abstention in the context of a dispute between telecommunications carriers about intrastate access charges for telephone calls, where parallel proceedings were ongoing in state and federal court. And although *Troxel* involved the constitutionality of a Washington statute governing visitation rights, the suit had been litigated in state court and the Supreme Court's decision does not even mention abstention.

Accordingly, it is **ORDERED** that Plaintiff shall show cause at a hearing on **April 15, 2022,** at 8:30 a.m. in Courtroom 6C why the Court should not dismiss the case for lack of subject matter jurisdiction, under abstention principles, or for lack of prosecution. Plaintiff shall file a written response to this OSC no later than

**April 11, 2022**. Plaintiff shall also file the overdue Joint Rule 26(f) report no later than **April 8, 2022**.